UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MYESHA PRATHER,<br><br>Plaintiff,<br><br>v.<br><br>INSURANCE SERVICES OFFICES, INC.<br><br>Defendant. | Case No. 2:17-cv-02411-APG-GWF<br><br>**ORDER GRANTING MOTION TO REMAND CASE TO STATE COURT**<br><br>(ECF No. 12) |

Defendant Insurance Services Offices, Inc. (ISO) removed this case to federal court on September 14, 2017, invoking this court's diversity and federal question jurisdiction. ECF No. 1. Plaintiff Myesha Prather, appearing *pro se*, moves to remand the case to state court, disputing that this court can assert subject matter jurisdiction. ECF No. 12. Had Prather properly pleaded her Third Amended Complaint, no federal question would arise. And her newly-filed Fourth Amended Complaint drops the only purported federal claim. Moreover, because her claims do not plausibly suggest that over $75,000 is at issue, this court cannot assert diversity jurisdiction. I therefore grant Prather's motion to remand.

## I.   ANALYSIS

"Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, (1987). Federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Res.*, 873 F.2d 1221, 1225 (9th Cir. 1989). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). Thus, courts "strictly construe the removal statute against removal jurisdiction." *Id.* "The 'strong

presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id*. Remand is required if the court lacks subject matter jurisdiction. 28 U.S.C. §1447(c); *see also Aguon-Schulte v. Guam Election Comm'n,* 469 F.3d 1236, 1240 (9th Cir. 2006) ("[R]emand may be ordered either for lack of subject matter jurisdiction or for 'any defect' in the removal procedure.").

**A. Federal Question Jurisdiction.**

At the time ISO removed this case, Prather's Third Amended Complaint was the operative pleading. That pleading asserted 12 state-law causes of action and one claim purportedly arising under the federal Fair Credit Reporting Act. ECF No. 12. ISO contends this court has federal question jurisdiction because of that one brief reference to FCRA.

On November 16, 2017, Prather filed a Fourth Amended Complaint. ECF No. 26. Although Prather did not seek court permission to do so, ISO consented to the filing in writing. *See* ECF No. 22 ("Plaintiff has represented that she will file a Fourth Amended Complaint by November 10, 2017. To avoid the unnecessary costs of responding to an inoperative complaint, Plaintiff agreed to Defendant's counsel's request to extend the time for Defendant to file its responsive pleading through and including November 30, 2017."); *see also* ECF No. 28 (stipulation for extension of time to respond to Fourth Amended Complaint). Thus, the Fourth Amended Complaint was properly filed under Federal Rule of Civil Procedure 15(a)(2).

The Fourth Amended Complaint eliminates the purported FCRA claim. Because the only purported federal question has been dropped, I have discretion to remand. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) ("[W]hen the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice.").

Even if I were to disregard the Fourth Amended Complaint and consider only Prather's Third Amended Complaint, remand would be appropriate. In that pleading, Prather's Thirteenth Cause of Action, in totality, states: "(Fcra (sic) Violations) 19. Plaintiff restates all preceeding (sic) and subsequent allegations as though fully set forth herein." ECF No. 12 at 13. Although

Prather was presumably referencing the federal Fair Credit Reporting Act, she made no reference to any particular statute. In her motion to remand, she admits that her Third Amended Complaint was not well-pleaded, and it was not her intent to assert a claim under the FCRA. *Id.* at 3. The entirety of that pleading confirms that.

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's *properly pleaded* complaint." *Caterpillar*, 482 U.S. at 392 (emphasis added). *See also, Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 113 (1936) (The federal issue cannot be "merely a possible or conjectural one . . . ."). One exception to the well-pleaded complaint rule is the artful-pleading doctrine: plaintiffs cannot "avoid removal jurisdiction by artfully casting their essentially federal law claims as state-law claims." *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 397 n. 2, (1981).

Where it appears that the plaintiff may have carefully crafted her complaint to circumvent federal jurisdiction, courts "consider whether the facts alleged in the complaint actually implicate a federal cause of action." *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 561 (6th Cir. 2007). So too where, as here, the plaintiff appears to have incorrectly included a reference to a federal statute, the court should consider the facts alleged in the complaint to determine whether a federal cause of action truly exists.

Prather's Third Amended Complaint alleges that ISO falsely accused her of being involved with an insurance fraud ring and similar wrongdoing. ECF No. 12 at 11. She asserts slander, libel, defamation, and other similar claims. She admits she did not intend to assert a claim under the FCRA, and her allegations, while not the most articulate, back that up. The allegations of a complaint filed by a *pro se* plaintiff, "however inartfully pleaded are held to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (quotations omitted). Had Prather properly pleaded her allegations and claims, no federal law would be implicated. That is confirmed by her subsequent Fourth Amended Complaint.

Because her true causes of action do not arise under the Constitution, laws, or treaties of the United States, no federal question jurisdiction exists. 28 U.S.C. § 1331.

**B. Diversity Jurisdiction.**

"[I]n cases where a plaintiff's state court complaint does not specify a particular amount of damages, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds [$75,000]. Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). Broad allegations that the jurisdictional amount is met, "although attempting to recite some magical incantation, neither overcome[ ] the strong presumption against removal jurisdiction, nor satisf[y][the defendant]'s burden of setting forth, in the removal petition itself, the underlying facts supporting its assertion that the amount in controversy exceeds $75,000." *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 689 (9th Cir. 2006) (emphasis and quotation omitted); *see also Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) ("[R]emoval cannot be based simply upon conclusory allegations where the ad damnum is silent.") (internal quotations and citation omitted).

"Where a complaint is unclear as to the total amount of damages sought, but alleges only upper or lower limits or types of damages, a district court is free in its preponderance-of-the-evidence analysis to make estimations of the amount of damages that could be obtained consistent with the vague wording of the complaint." *Elliker v. Contractors Bonding & Ins. Co.*, 3:12-CV-00438-RCJ-WGC, 2013 WL 757621 at *1 (D. Nev. Feb. 27, 2013) (*citing Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700–01 (9th Cir. 2007)). In making such analyses, district courts can make "reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removable," and "may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010) (internal quotation marks omitted). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 679

(2009) ("Determining whether a complaint states a plausible claim for relief . . . requires the reviewing court to draw on its judicial experience and common sense.").

Here, there is considerable doubt as to ISO's right to remove this case because it appears unlikely that the amount in controversy exceeds this court's jurisdictional threshold. ISO points out that Prather's Third Amended Complaint alleges 13 causes of action (now reduced to seven in the Fourth Amended Complaint), and then asserts it is "a matter of simple arithmetic" that the total of the claims exceeds the $75,000 jurisdictional amount. ECF No. 19 at 7. But most of Prather's claims are duplicative or pleaded in the alternative. She is entitled to only one recovery for her injuries. Simply allocating an amount to each of the 13 (or seven) claims and then adding them all together is not proper.

ISO contends a large punitive damages award is possible even if the compensatory damage award is small. But under that analysis, I would have to hold that every (or nearly every) lawsuit seeking punitive damages satisfies the $75,000 jurisdictional threshold. That runs contrary to well-established law regarding removal.

ISO has offered no facts to help analyze the value of Prather's claims. Based on my judicial, legal, and practical experience and common sense, I do not find that the amount in controversy exceeds $75,000. *Roe*, 613 F.3d at 1061-62; *Iqbal,* 556 U.S. at 679. ISO has not met its burden of overcoming the strong presumption against removal. Consequently, this court does not have diversity jurisdiction over this matter.

## II. CONCLUSION

Because the court does not have federal question or diversity jurisdiction over this matter, I must remand the case to state court.

IT IS THEREFORE ORDERED that the plaintiff's motion to remand **(ECF No. 12) is GRANTED**. The case is remanded to the state court from which it was removed for all further proceedings. The Clerk of the Court is instructed to close this case.

DATED this 4th day of December, 2017.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE